IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **DEBORAH K. MCKINLEY** | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. _____ |
| | § | (JURY TRIAL) |
| **WHISPERING PINES LODGE I, L.L.P.** | § § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

**COMES NOW**, Plaintiff, Deborah K. McKinley, complaining of Defendant Whispering Pines Lodge LP, and for cause of action shows the Court the following:

### I. Nature of Claim

1. This action for injunctive relief and damages is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

### II. Parties

2. Plaintiff, Deborah K. McKinley, is an individual residing in Gregg County, Texas.

3. Defendant, Whispering Pines Lodge I, L.L.P., operates a nursing care facility located at 2131 Alpine Road, Longview, Texas 75601 and can be served through their registered agent: CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

### III. Jurisdiction & Venue

4. This Court has jurisdiction of this matter under 42 U.S.C. §§ 2000e-5(f), and under 28 U.S.C. §§ 1331 and 1343(4). Venue is proper as the unlawful employment practices complained of herein concern actions taken in this district and division.

## IV. Factual Background

5. Plaintiff, a black female, was employed by Defendant as a nurse (LVN) on or about January 15, 2010.

6. Plaintiff was employed by Defendant until her discharge on July 15, 2010.

7. Defendant treated Plaintiff differently from other similarly situated white employees in a number of ways, including but not limited to, shift assignments, discipline, suspensions and terminations.

8. Prior to her termination, Plaintiff noticed that a white nurse had recently been hired to work during Plaintiff's shift even though both full time nurse positions were occupied.

9. Plaintiff was subsequently terminated on July 15, 2010.

10. Plaintiff's discharge was not based on any prior complaint regarding her employment and was not based upon any non-discriminatory business reason.

11. Plaintiff's discharge was based on her race and the discriminatory practices of Defendant.

## V. Violations of Title VII – Race Discrimination

12. Plaintiff incorporates paragraphs five (5) through eleven (11) as if fully set forth herein.

13. By reason of each and every act alleged herein, and the pattern, practice, custom and usage of which said acts are part, Plaintiff, because of her race was denied terms and conditions of employment that were offered to similarly situated white employees in violation of Title VII.

14. As a result of her termination, Plaintiff suffered a loss of income and fringe benefits.

15. As a result of the acts of discrimination, plaintiff suffered emotional harm and to her reputation.

16. Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

17.  The forgoing actions of Defendant discriminated against Plaintiff because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 § 2000e-2.

18.  Plaintiff filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

19.  Plaintiff seeks recovery of all damages, including actual, consequential, and exemplary recoverable under applicable federal law.

## VII. Demand for Jury

20.  Plaintiff demands a jury trial.

## VIII. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be summoned to appear and answer, and upon final hearing of this matter, the Court enter judgment:

 a. declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.;*

 b. to award her under Title VII all the pay and fringe benefits she has lost as a result of Defendant's unlawful discrimination against her;

 c. to award her under Title VII, compensatory and exemplary damages in an amount to be determined by the facts of the case;

 d. to award her under 42 U.S.C. § 2000e-5(k) reasonable attorney's fees and costs of this action;

 e. to award her such other and further relief as this Court deems just and proper.

          Respectfully Submitted,

**ROBERTS, CUNNINGHAM & STRIPLING, L.L.P.**

By:   /s/ H.N. Cunningham, III
       H.N. Cunningham, III
       Texas Bar No. 05246900
       hnciii@aol.com
       Scott A. DuLaney
       Texas Bar No. 24055427
       adulaney@rcsllp.com
       800 Preston Commons West
       8117 Preston Road
       Dallas, Texas 75225
       (214) 696-3200
       (214) 696-5971 facsimile

**Attorneys for Plaintiff**